```
                UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF MICHIGAN
                     SOUTHERN DIVISION
```

SHIELLA ROBERTS,
    PLAINTIFF,

CASE NO. 1:20-cv-_____

VS.

HON. _____

WALMART, INC.,
    DEFENDANT.

_____

Jason R. Pelak (P79618)
**Attorney for Plaintiff**
700 Milam Street, Suite 1300
Houston, TX 77002
Phone (832) 871-5031
Email jason@pelaklaw.com
_____

## COMPLAINT

    The plaintiff Shiella Roberts, by and through her attorney Jason R. Pelak, for actions arising under the Family Medical Leave Act of 1993, in connection with her protected activity and subsequent termination by Walmart, Inc., states as follows.

*JURISDICTIONAL ALLEGATIONS*

1. The plaintiff Shiella Roberts is an individual who resided and was employed in Calhoun County, State of Michigan, at all times relevant to this complaint.

2. The defendant Walmart, Inc., doing business as Sam's Club, was an employer at all times relevant to this complaint in Calhoun County, State of Michigan.

3. This case arises under the Family Medical Leave Act of 1993, 29 USC §2601 *et seq.*

4. This case arises out of the defendant's employment and discharge of the plaintiff in the Fall of 2019 in Calhoun County, State of Michigan.

5. The Court has federal-question jurisdiction for the claims as alleged under the Family Medical Leave Act of 1993. 28 USC §1331.

*JURY DEMAND*

6. The plaintiff hereby requests a trial by jury for all issues that may be submitted to the same.

*COMMON ALLEGATIONS*

7. The plaintiff Shiella Roberts began working for the defendant in the Summer of 2018. She was employed as a cashier.

8. During the time of her employment with the defendant, and through her termination, Ms. Roberts did a good job for it.

9. In the Fall of 2019, Ms. Roberts suffered from worsening health conditions related to asthma, coughing, and chest pain. She last worked on 9/23/2019; after leaving work that day, she requested and received FMLA papers.

10. One of the documents received by Ms. Roberts was a document titled "Eligibility, Rights & Responsibilities".

11. The Eligibility, Rights & Responsibilities document states that plaintiff met the FMLA's basic eligibility requirements.

12. The Eligibility, Rights & Responsibilities document was accompanied with a three-page form titled "Certification of healthcare provider for associate's serious health condition".

13. The Eligibility, Rights & Responsibilities document requested a certification from Ms. Roberts and stated it was due by her on 10/13/2019, which amounts to 20 calendar days from the date of request.

14. Under FMLA regulation, an employer may require the employee to provide a medical certification. 29 C.F.R. § 825.305(a).

15. An employer may require the employee to provide the medical certification within 15 calendar days of the request, unless not practicable, or the employer provides more than 15 calendar days. 29 C.F.R. § 825.305(b).

16. If the employee fails to provide the medical certification then the employer may deny FMLA leave. 29 C.F.R. § 825.305(d).

17. On 10/10/2019, the defendant terminated Ms. Roberts by assessing absences against her, including absences subject to FMLA leave.

18. As a result of the discharge by the defendant, Ms. Roberts has suffered severe damages, including losses of income and other consequential damages.
19. All conditions precedent have been performed or have occurred.

*COUNT 1 – FMLA INTERFERENCE BASED ON DISCHARGE*

20. The plaintiff restates and realleges as though fully set forth herein all prior paragraphs of this complaint.
21. The defendant provided Ms. Roberts 20 calendar days to provide a medical certification.
22. The defendant denied FMLA leave by discharging Ms. Roberts on the 17th calendar after the medical certification request.
23. Defendant's discharge and denial of FMLA benefits against Ms. Roberts constitutes an interference, restraint, or denial of her rights or exercise of her rights as provided by the FMLA.
24. As a result, Ms. Roberts has suffered and will continue to suffer damages set forth above.
25. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*
26. **WHEREFORE,** the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever

amount she is shown to be entitled to including actual damages, lost income, and additional liquidated damages equal to lost income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

Dated: 4/6/20

Respectfully submitted,

_____
Jason R. Pelak (P79618)
700 Milam Street, Suite 1300
Houston, TX 77002
Phone (832) 871-5031
Email jason@pelaklaw.com

**ATTORNEY FOR PLAINTIFF**

5